**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE FERNANDO DOMINGUEZ MILORD,** | : | **No. 3:26cv1883** |
| **Petitioner** | : | **(Judge Munley)** |
| **v.** | : | |
| **JESSICA SAGE, Warden of USP-Lewisburg,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Before the court is Petitioner Jose Fernando Dominguez Milford's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). The petitioner is a native and citizen of Cuba. Id. ¶ 2. He entered the United States in June 1980 when he was seven years old. Id. ¶ 3. Shortly thereafter, his legal status was adjusted to lawful permanent resident. Id. ¶ 4.

The government may deport lawful permanent residents under specific legal grounds defined by federal law, such as committing certain criminal offenses. 8 U.S.C. § 1227(a)(2). Milord has a criminal record. (Doc. 7-3, Resp. Ex. 2, Form I-213 at 3–5). He has prior convictions for possession with intent to

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Milord filed the instant petition while detained at FCI Lewisburg which is in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

deliver controlled substances and for domestic battery. Id. at 4–5. Most recently, in February 2025, he was convicted of violating 18 U.S.C. § 924(a)(1)(A) for making a false statement to a federally licensed firearms dealer. Id. at 3.

Milord was sentenced to 10 months incarceration on his federal firearms offense. Id. at 9. While incarcerated at FCI Allenwood Low, officers from Immigrations and Customs Enforcement ("ICE") screened the petitioner and determined that he was removable from the United States. Id. at 2. On June 20, 2025, ICE served the petitioner with a Notice to Appear, charging him as deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) for conviction of two crimes involving moral turpitude; § 1227(a)(2)(B)(i) for conviction under a law regulating a controlled substance; and § 1227(a)(2)(E)(i), for conviction of a crime of domestic violence. (Doc. 7-4, Resp. Ex. 3, Notice to Appear).

On March 2, 2026, an immigration judge ordered Milord removed to Cuba and denied his applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the Convention Against Torture. (Doc. 7-5, Resp. Ex. 4). Petitioner did not appeal his removal order.[2] (Doc. 7-2, K. Trent Decl, ¶ 25). Consequently, the petitioner has been subject to an

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited Aug. 19, 2026).

administratively final removal order since April 1, 2026, or 30 calendar days after the IJ's decision. See 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings…shall become final…[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]"); 8 C.F.R. § 1003.38(b) (2022) (setting the time to appeal as 30 calendar days after an IJ's oral decision); Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev., 822 F. Supp. 3d 119, 135, 168 (D.D.C. 2026), appeal docketed, No. 26-5156 (D.C. Cir. May 11, 2026) (invalidating proposed 2026 rule which had shortened the time to 10 days unless an asylum claim had been denied by an IJ on certain grounds).

Five days later, on April 6, 2026, ICE served Milord with notice of third-country removal to Mexico. (Doc. 7-2, Decl. of K. Trent ¶ 27). Per petitioner, he refuses to go to Mexico due to fear of persecution and because ICE "asked [p]etitioner to cross the border to Mexico without proper and legal documentation[]." (Doc. 1, Pet. ¶ 13). United States Customs and Immigration Services denied petitioner's Mexico-based fear claim on May 1, 2026. (Doc. 7-2, Decl. of K. Trent ¶ 29). Milord was added to the roster of removals to Mexico. Id. ¶ 30.

On May 31, 2026, DHS transferred Milord to the Port Isabel Service Processing Center in Los Fresnos, Texas for removal to Mexico. Id. ¶ 31. The

government asserts that Milord refused to exit his pod for processing. Id. ¶ 32. After this incident, the government transferred the petitioner to FCI Lewisburg. Id. ¶ 33.

Upon review of the petition and traverse, Milord has failed to challenge the evidence that he acted to prevent his removal in June 2026. The petitioner has also failed to rebut evidence that the government is still attempting to remove him to Mexico, but the only impediment is his own noncompliance and lack of cooperation.[3]

Pursuant to 8 U.S.C. § 1231, the attorney general is directed to remove noncitizens from the United States within 90 days — the "removal period." 8 U.S.C. § 1231(a)(1)(A). Under the statute, the removal period shall be extended beyond a period of 90 days, and the noncitizen may remain in detention during such extended period if the noncitizen "conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). During the removal period, the attorney general is directed to detain the noncitizen. 8 U.S.C. § 1231(a)(2)(A).

---

[3] Milord's petition does not challenge any component of the third-country removal procedures implemented in his case. To the extent that his traverse raises the issue, he has not supplied facts demonstrating that this court has habeas jurisdiction over such claims. See 8 U.S.C. § 1252(a)(5) (setting forth that a petition for review filed with the appropriate court of appeals is the "sole and exclusive means for judicial review of an order of removal"), § 1252(b)(9) (stripping habeas jurisdiction over proceedings brought to remove a non-citizen from the United States).

From a purely statutory standpoint, the petitioner's own conduct has placed him back within the removal period. But for petitioner's lack of cooperation, he would have been removed.

Petitioner further asserts that his due process rights are being violated by his continued detention. Where a noncitizen's due process rights are of concern, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Further, "if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." Id. at 700.

To aid in this analysis, Zadvydas recognized a presumptively reasonable six-month period of detention under 8 U.S.C. § 1231(a)(1) and (a)(6). Id. at 701.

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that

> there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

Here, the detention in question does not exceed a period reasonably necessary to secure the petitioner's removal. Petitioner actively impeded his own removal. Moreover, his criminal record demonstrates that he would likely commit further crimes outside of detention. In short, the petitioner has chosen continued detention in a federal prison rather than release in Mexico, and the law honors that choice.[4]

Consequently, for the reasons set forth above, it is hereby **ORDERED** that Jose Fernando Dominguez Milord's petition for writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 1), is **DENIED**. The Clerk of Court is directed to close this case.

---

[4] The petition also asserts claims for, among other things, inadequate medical care at FCI Lewisburg. However, such allegations lack any specificity for the court to consider whether the requisite extraordinary circumstances exist for relief under Section 2241. Hope v. Warden York Cnty. Prison, 972 F.3d 310, 325 (3d Cir. 2020). Similarly, to the extent that Milord asserts claims under 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act, and the Administrative Procedures Act, the petition and traverse do not supply enough facts to consider such claims or the claims are not legally cognizable. For instance, Section 1983 applies to state actors, and the respondent is the warden of a federal penitentiary. A Bivens claim authorized by Carlson v. Green, 446 U.S. 14 (1980) is not supported by conclusory allegations about a "lack and denial of medical and psychological treatment." (Doc. 1 at 5). Milord has not pled a covered tort or action or alleged exhaustion of his administrative remedies to proceed with an FTCA claim. Finally, the APA claim overlaps with the petitioner's request for relief in habeas, which would provide him with an adequate remedy. 5 U.S.C. § 704.

BY THE COURT:

Date: 8/20/26

JUDGE JULIA K. MUNLEY
United States District Court